IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>TP-LINK TECHNOLOGY CO., LTD,<br><br>Defendant. | CASE NO. 6:20-cv-01017<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "Brazos"), by and through its attorneys, files this Complaint for Patent Infringement against defendant TP-LINK Technology Co., Ltd. ("Defendant" or "TP-Link") and hereby alleges as follows:

### I.   NATURE OF ACTION

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including §§ 271, 281, 283, 284, and 285. This action is brought to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Brazos's patented invention.

2. Brazos is the owner of all rights, title, and interest in and to US Patent No. 7,965,726 (the "'726 Patent" or the "Patent") including all rights to recover for all past and future infringement thereof.

3. Upon information and belief, Defendant has been and currently is infringing, contributing to the infringement of, and/or inducing the infringement of Brazos's Patent, by,

1

among other things, making, using, selling, importing, and/or offering for sale, within the territorial boundaries of the United States and the State of Texas, products that are covered by one or more claims of Brazos's Patent and inducing such conduct by others.

4. Defendant manufactures, provides, sells, offers for sale, imports, and/or distributes Infringing Products (as defined herein) and services; and/or induces others to make and use of its Infringing Products and services in an infringing manner; and/or contributes to the making and use of Infringing Products and services by others, including its customers, who directly infringe the Patent.

## II. THE PARTIES

5. Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

6. Upon information and belief, Defendant TP-LINK Technology Co., Ltd. is a corporation organized and existing under the laws of China, with a place of business located at South Building, No. 5 Keyuan Road, Science and Technology Park, Nanshan District, Shenzhen, Peoples Republic of China.

7. TP-LINK Technology Co., Ltd. may be served with process by serving the Texas Secretary of State, James E. Rudder Building, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute. This action arises out of that business.

8. Defendant manufactures and distributes electronics. Defendant, either itself and/or through the activities of its subsidiaries or agents, makes, uses, sells, offers for sale, and/or imports

throughout the United States, including within this District, computer networking products that infringe the Asserted Patent, defined below.

### III.     JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Alternatively, this Court has jurisdiction over Defendant under Fed. R. Civ P. 4(k)(2) ("Federal Claim Outside State-Court Jurisdiction").

10. This Court has specific and general personal jurisdiction over TP-Link pursuant to due process and/or the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042, because (1) TP-Link has committed and continues to commit acts of patent infringement, including acts giving rise to this action, within the State of Texas and this Judicial District; (2) TP-Link has committed and continues to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling accused products in Texas, and/or importing accused products into Texas, inducing others to commit acts of patent infringement in Texas, and/or committing at least a portion of any other infringements alleged herein.

11. The Court's exercise of jurisdiction over TP-Link would not offend traditional notions of fair play and substantial justice because TP-Link has established minimum contacts with the forum. For example, on information and belief, TP-Link has committed acts of infringement in this Judicial District, directly and/or through intermediaries, by, among other things, making, using, offering to sell, selling, and/or importing products and/or services that infringe the Asserted Patent, as alleged herein. TP-Link has purposefully and voluntarily placed infringing products into the stream of commerce by shipping infringing products through established distribution channels into the State of Texas, knowing or expecting that the Infringing Products would be shipped into Texas.

12. Upon information and belief, TP-Link has continuous and systematic business contacts with the State of Texas. TP-Link, directly and/or through affiliates and/or intermediaries, conducts its business extensively throughout the State of Texas, by shipping, importing, manufacturing, distributing, offering for sale, selling, and/or advertising its products and services in the State of Texas and this Judicial District. TP-Link interacts with subsidiaries, distributors, resellers and/or customers who sell the infringing products into Texas, knowing or expecting that these subsidiaries, distributors, resellers and/or customers will then sell the Infringing Products into the State of Texas, either directly or through intermediaries.

13. Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 1391(c)(3) which provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants."

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b). TP-Link has transacted business in this Judicial District and has committed acts of direct and indirect infringement in this Judicial District by, among other things, importing, offering to sell, and selling products that infringe the Patent.

15. Upon information and belief, TP-Link designs, manufactures, uses, imports into the United States, sells, and/or offers for sale in the United States products that infringe the Asserted Patent, directly and or through intermediaries, as alleged herein. TP-Link markets, sells, and/or offers to sell its products and services, including those accused herein of infringement, to actual and potential customers and end-users located in the State of Texas and in this Judicial District, as alleged herein.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 7,965,726

16. Brazos re-alleges and incorporates by reference the preceding paragraphs 1-15 of this Complaint.

17. On June 21, 2011, the U.S. Patent & Trademark Office duly and legally issued U.S. Patent No. 7,965,726, entitled "Method and apparatus to facilitate real-time packet scheduling in a wireless communications system."

18. Brazos is the owner of all rights, title, and interest in and to the '726 Patent, including the right to assert all causes of action arising under the '726 Patent and the right to any remedies for the infringement of the '726 Patent.

19. For example, claim 1 of the '726 Patent states:

A method, comprising:

determining, by a processor, a priority for at least one data packet, wherein determining the priority of the at least one data packet is based at least on a plurality of quality of service factors, wherein each of the plurality of quality of service factors has a corresponding weighting factor, and the determined priority includes minimum-performance guarantees;

determining a product by multiplying the priority by a traffic priority factor associated with different data traffic types; and

scheduling transmission of the at least one data packet based at least on the determined product.

20. TP-Link's Accused Products meet every limitation of claim 1 of the '726 Patent, as well as other claims of the '726 Patent.

21. TP-Link makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, networking products such as High-Speed Cable Modems, wireless routers, ADSL, range extenders, routers and switches, and other devices like IP cameras, powerline adapters, print servers, media converters, wireless adapters, power banks, mobile phones, and SMART home technology devices.

22. TP-Link makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, products that use features for packet scheduling in a wireless communication system, including but not limited to TP-Link Deco for Home Mesh Wi-Fi system, and products that operate in a substantially similar manner (collectively, the "Accused Products").

23. The Accused Products provide customized Wi-Fi with broader coverage, faster speeds, and stable connection.

24. The Accused Products provide quality of service (QoS) for prioritizing traffic.

25. For example, TP-Link Deco M9 Plus uses the AC2200 Smart Home Mesh Wi-Fi system to achieve seamless Wi-Fi. The system provides various features such as Antivirus Protection and Connecting More Devices.

26. TP-Link HomeCare provides Quality of Service (QoS), which provides the Accused Products with the capability to prioritize traffic.[1]

27. For example, the Accused Products' QoS is capable of allowing users to prioritize their online activities with unique priority settings. It prioritizes traffic based on device, data type, and time.

28. For example, "Quality of Service (QoS) allows you to prioritize the online activities that are most important to users on your Deco network. Five predefined settings (Standard, Gaming, Streaming, Surfing and Chatting) are available, along with a Custom mode where you can define your unique priority settings. Greater bandwidth is allocated to the online activities you prioritize, so even when there is heavy traffic on the Deco network you can continue doing what you enjoy most. For example, if you are gaming online with friends and are concerned about

---

[1] https://www.tp-link.com/us/home-networking/deco/deco-m9-plus/.

experiencing lag, you can use the main menu of the Deco app to go to QoS and tap the Gaming preset. Device QoS allows you to prioritize the device that is most important to you. You can set a high-priority time during which the bandwidth for a device is guaranteed. For example, if you are using your laptop for an important video conference and want to avoid a dropped call, you can set your laptop as high-priority during the time of your video conference."[2]

29.     The Accused Products are capable of specifying priority levels for some devices and applications. Various QoS factors are associated with the system, such as different data types (i.e., traffic priority factor), Bandwidth factor (i.e., data rate control), device, and time.

30.     For example, according to TP-Link, "QoS (Quality of Service) is an advanced feature which helps you set priority for specific applications and devices, so that they can perform better with lower latency."[3]

31.     TP-Link provides instructions on "how to set up the QoS feature" for the Deco M9 Plus and Deco M4.[4]

32.     TP-Link provides these instructions using the Deco M9 Plus as an example of how to set up the QoS feature in the Accused Products.

33.     The Accused Products provide an application to prioritize traffic and control functions of the Home Mesh Wi-Fi System. The application provide by TP-Link offers users to set the Bandwidth (i.e., rate of the data packet to be in use) at the time of using QoS on a device. Users can select low, medium, and high priority (i.e., weighting factor) as the bandwidth for a device, and particular data type to be in priority (i.e., a plurality of QoS factors). It also provides the option to set the bandwidth manually.

---

[2] https://www.tp-link.com/us/support/faq/1471/
[3] https://www.tp-link.com/us/support/faq/1601/
[4] https://www.tp-link.com/us/support/faq/1601/

34.     TP-Link provides instructions on how to set the bandwidth manually.

[screenshot of QoS Total Bandwidth settings interface]<sup>5</sup>

35.     The Accused Products' is capable of providing device priority, which allows users to configure the time until when they want the specific priority settings on a device.

36.     For example, "[t]he QoS (Quality of Service) feature allows you to prioritize the internet traffic of specific devices to guarantee a faster connection when you need it the most. The router has preset an appropriate bandwidth allocation policy, so you don't need to set different priorities for all devices. Simply set the desired device to High Priority and set how long you want it to remain the high priority, then the device will be allocated with more bandwidth when the network is overloaded."[6]

37.     TP-Link provides the following instructions on setting "Device Priority":

---

[5] https://www.tp-link.com/us/support/faq/1601/
[6] https://www.tp-link.com/us/support/faq/2693/

8

[7]

38. The Accused Products are capable of allowing users to select the minimum amount of bandwidth to be allocated for each of the low, medium, and high priority on a device.

39. For example, the Accused Products allow 10% of the available Bandwidth is available in low priority. Since the Accused Products are capable of providing a guarantee for priority settings, the Accused Products can allow at least 10% of the bandwidth to be guaranteed for a device on a low priority.

40. TP-Link provides the following instructions to its users:

---

[7] https://www.tp-link.com/us/support/faq/2693/


[8]

41.     The Accused Products are capable of allowing users to select priority based on device (i.e., determined priority) and based on online activity (i.e., traffic priority).

42.     For example, TP-Link states that "[t]here are two ways to use the QoS (Quality of Service) function. You can prioritize the connection of a particular device for a set duration, such as a family member's laptop for one hour during a video call. You can also prioritize the online activity that's most important to the whole family, such as Streaming or Gaming."[9]

43.     The Accused Products are capable of allowing the users first to select a device, and then users can select the bandwidth range for that device and the time until when they want the device to be in that bandwidth range (i.e., low, medium, and high priority).

---

[8] https://www.tp-link.com/us/support/faq/1532/
[9] https://static.tp-link.com/2020/202003/20200306/1910012364_Deco%20M9%20Plus_UG.pdf



10



11

---

[10] https://www.tp-link.com/us/support/faq/1601/
[11] https://www.tp-link.com/us/support/faq/1601/

44.     For example, the Accused Products are capable of allowing a user to select the device from the device list with high priority for a faster connection and more available bandwidth. Next, the user can further choose that gaming to be allocated more bandwidth than the other data types from the available bandwidth. The gaming in the specific selected device is prioritized from the list of devices available in the TP-Link Home Mesh Wi-Fi system.

[12]

45.     The Accused Products provide priority information to the internet service provider (ISP). The ISP allocates the bandwidth based on the prioritize traffic received from the information provided by the user.

46.     TP-Link provides the following instruction regarding scheduling transmission.

---

[12] https://static.tp-link.com/2020/202003/20200306/1910012364_Deco%20M9%20Plus_UG.pdf

```
1. Enable QoS and set bandwidth allocation.
1) Log in to the web-based interface of the router. If you don't know how to do that, please refer to
   a. How to log in to the web-based interface of Wi-Fi Routers (new logo)?
   b. How to log in to the web-based interface of Wi-Fi Routers (new logo)?
2) Go to Advanced > QoS > Settings.
3) Select Enable QoS.
4) Input the maximum upload and download bandwidth provided by your Internet service provider. 1Mbps equal s to 1000Kbps.
```
[13]

47. TP-Link has received notice and actual or constructive knowledge of its infringement of the '726 Patent no later than the date of service of this Complaint.

48. Since at least the date of service of this Complaint, through its actions, TP-Link has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '726 Patent throughout the United States, including within this Judicial District, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include web advertising, user guides,[14] and support forum postings.[15]

49. TP-Link was and is aware that the normal and customary use by end users of the Accused Products infringes the '726 Patent. TP-Link's inducement is ongoing.

50. Brazos has suffered damages as a result of TP-Link's direct and indirect infringement of the '726 Patent in an amount adequate to compensate for TP-Link's infringement,

---

[13] https://www.tp-link.com/us/support/faq/1532/
[14] https://static.tp-link.com/2020/202003/20200306/1910012364_Deco%20M9%20Plus_UG.pdf
[15] https://www.tp-link.com/us/support/faq/2693/; https://www.tp-link.com/us/support/faq/1601/

but in no event less than a reasonable royalty for the use made of the invention by TP-Link, together with interest and costs as fixed by the Court.

51. Defendant continued to make, use, sell and/or import Infringing Products, to induce others to engage in such conduct, and/or to contribute to others engaging in such conduct despite knowing that its actions constituted infringement of a valid patent.

52. Accordingly, Defendant acted egregiously and/or knowingly or intentionally when it infringed the '726 Patent.

### IV.   JURY DEMAND

53. Plaintiff Brazos hereby demands a jury on all issues so triable.

### V.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff Brazos respectfully requests that the Court:

(a) enter judgment that TP-Link infringes one or more claims of the '726 Patent literally and/or under the doctrine of equivalents;

(b) enter judgment that TP-Link has induced infringement and continues to induce infringement of one or more claims of the '726 Patent;

(c) enter judgment that TP-Link has contributed to and continues to contribute to the infringement of one or more claims of the '726 Patent;

(d) award Brazos damages, to be paid by TP-Link in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by TP-Link of the '726 Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

(e) declare this case exceptional pursuant to 35 U.S.C. § 285; and

(f) award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: October 31, 2020                    Respectfully submitted,

By:     /s/ *Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
**THE MORT LAW FIRM, PLLC**
100 Congress Avenue, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 677-6825

Adam G. Price
Texas State Bar No. 24027750
Christopher V. Goodpastor
Texas State Bar No. 00791991
Gregory S. Donahue
Texas State Bar No. 24012539
**DINOVO PRICE LLP**
7000 N. MoPac Expressway
Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627
Email: aprice@dinovoprice.com
cgoodpastor@dinovoprice.com
gdonahue@dinovoprice.com

**ATTORNEYS FOR PLAINTIFF WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT**